UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHANIEL ALEXANDER HODGES, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF WASHINGTON IN AND FOR CLARK COUNTY et al., <br><br> Defendants. | CASE NO. C11-6036-RJB-JRC <br><br> ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT |

This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The Court has reviewed the complaint.  Plaintiff complains of excessive force during an arrest and alleges he was "tase" twice (ECF No. 1). In the request for relief plaintiff asks for monetary damages and "[v]acating all criminal judgment removing punitive damages, pain and suffering." (ECF No. 1).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

1    It appears plaintiff is attempting to collaterally challenge his current incarceration or
2 conviction. Plaintiff is seeking expungement of a conviction. If a petitioner is challenging the
3 very fact or duration of physical imprisonment, and the relief sought will determine whether
4 petitioner is or was entitled to immediate release or a speedier release from that imprisonment,
5 petitioner's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475,
6 500 (1973).

7    The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted
8 available state remedies has no cause of action under § 1983 unless and until the conviction or
9 sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas
10 corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state
> challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
> § 1983 cause of action for damages attributable to an unconstitutional conviction
> or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be
made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily
to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would
necessarily imply the invalidity of the judgment or continuing confinement, then the challenge
must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail,
120 F.3d 1023, 1024 (9th Cir. 1997) (quoting Edwards v. Balisok, 520 U.S. 641 (1997)).To
expunge or vacate any conviction plaintiff must proceed through habeas corpus with its attendant
state court exhaustion requirement.

   Plaintiff is ordered to show cause why this action should not be dismissed prior to
service. A response will be due on or before February 17, 2012. In the alternative plaintiff may

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

1 file an amended complaint clarifying the facts and showing that he is not seeking to expunge a
2 current conviction or challenge the length of his confinement through a civil rights action.
3   Dated this 12th day of January, 2012.

*/s/ J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3